IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JERRY L. CANNON,                :

    Petitioner,              :
                                    CIVIL ACTION 13-0300-CG-M
v.                              :
                                    CRIMINAL ACTION 11-00048-CG-M
UNITED STATES OF AMERICA,       :

    Respondent.              :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 56) Respondent's Motion to Dismiss (Doc. 58), and Petitioner's Motion for Equitable Relief (Doc. 62).  This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.  It is now ready for consideration.  The record is adequate to dispose of this matter; no evidentiary hearing is required.  It is recommended that Respondent's Motion to Dismiss (Doc. 58) be granted, that Petitioner's Motion for Equitable Relief (Doc. 62) be denied, that Petitioner's Motion to Vacate (Doc. 56) be denied, that this action be dismissed, and that judgment be entered in favor

1

of Respondent, the United States of America, and against Petitioner Jerry L. Cannon.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Cannon was indicted on February 24, 2011 for three counts of knowingly receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) and one count of forfeiture (Doc. 1).  On April 19, 2011, Petitioner pled guilty to two counts of distributing child pornography (Doc. 18).  On July 19, United States District Judge Granade sentenced Cannon to 210 months imprisonment on each of the two charges to which he had pled, to be served concurrently, as well as life terms of supervised release on both charges, to run concurrently, following his release from prison, and an assessment of two hundred dollars; the third charge was dismissed on the Government's motion (*see* Doc. 37).

On August 11, 2011, Petitioner appealed (Doc. 39).  On January 18, 2012, pursuant to the Government's motion, the Eleventh Circuit Court of Appeals dismissed the action (Doc. 51).  Cannon did not seek *certiorari* (Doc. 56, p. 3, ¶ 9(g)).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in which he raised the following claims:  (1) Petitioner did not knowingly and

voluntarily enter into his plea agreement which should be set aside; (2) his attorney rendered ineffective assistance; (3) the Court did not follow proper procedure in sentencing him; and (4) the Court has done nothing to insure that the Bureau of Prisons would provide treatment programs for him (Doc. 56).  On July 11, 2013, Respondent filed a Motion to Dismiss (Doc. 58) to which Petitioner responded (Docs. 60).  Petitioner also filed a Motion for Equitable Relief (Doc. 62).  Pursuant to Court order, Respondent filed a reply to Cannon's responses (Doc. 63).

Before taking up Cannon's claims, the Court notes that Respondent has filed a Motion to Dismiss, arguing that this petition should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 58, pp. 2-3). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2255.  The specific provisions state as follows:

> A prisoner in custody under sentence of a
> court established by Act of Congress
> claiming the right to be released upon the
> ground that the sentence was imposed in
> violation of the Constitution or laws of the
> United States, or that the court was without
> jurisdiction to impose such sentence, or
> that the sentence was in excess of the
> maximum authorized by law, or is otherwise
> subject to collateral attack, may move the

> court which imposed the sentence to vacate, set aside or correct the sentence.
>
> ***
>
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

The Eleventh Circuit Court of Appeals dismissed Cannon's appeal on January 18, 2012 (Doc. 51). Petitioner's conviction became final on April 17, 2012, the day his opportunity to seek

4

*certiorari* with the U.S. Supreme Court expired. *Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires"). That means that the AEDPA limitations clock began to run the next day and ran for one year until April 17, 2013, the day the limitations clock stopped.

The evidence shows that Petitioner's first Motion to Vacate was filed with this Court on May 7, 2013 (Doc. 53). Though that petition was rejected because it was not on this Court's form (Doc. 55), the Court will consider that petition for AEDPA purposes.

The envelope in which the Motion arrived at this Court was postmarked April 25, 2013 (Doc. 53, p. 13). The envelope shows that it was returned twice, on April 18 and April 21, for too little postage (*id.*).

Cannon argues that he delivered his Motion on April 17, 2013, the day the AEDPA limitations clock stopped, to prison authorities and that his responsibility ended there (Doc. 60, p. 1). Petitioner has also provided a letter from a Correctional Counselor who verifies that Cannon first delivered his Motion on that date, but that it was returned for additional postage on

5

April 24, 2013 (Doc. 60, p. 6).

Under the "mailbox rule," the date a prisoner delivers a § 2255 petition to prison authorities is deemed to be the date it was filed with the court. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). However, the Bureau of Prisons policy governing the Fort Dix facility states that "postage charges are the responsibility of the inmate" (*see* Doc. 63, Attachment 1, p. 18, § 540.21(a)). The policy provides, however, that "[a]n inmate who has neither funds nor sufficient postage and who wishes to mail legal mail (includes courts and attorneys) or Administrative Remedy forms will be provided the postage stamps for such mailing" (*id.* at p. 19, ¶ 540.21(d)). Cannon admits that "[t]he Bureau of Prisons for Fort Dix FTD 1315.076 for inmate legal activities makes an Inmate responsible for postage of outgoing mail" (Doc. 62, p. 2).

The Court finds that Cannon's Motion to Vacate was filed on April 25, 2013, when he delivered it to prison authorities with appropriate postage for it to be delivered to the Court. Though Petitioner first delivered his Motion to prison authorities before that date, his failure to affix sufficient postage to the package precludes consideration of that earlier date. Under AEDPA, Cannon filed this Motion eight days after the limitations period expired.

Petitioner has filed a Motion for Equitable Relief, seeking consideration for his disabilities of hearing and sight (Doc. 62). Under *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), *cert. denied*, 531 U.S. 971 (2000), "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."

The Court finds that Canon has not demonstrated any extraordinary circumstances; though he has impairments, he has not shown that they are so severe that they, somehow, caused this delay. More importantly, though, the Court finds that Petitioner has not been diligent in the filing of this action as he tarried a year before submitting it to authorities; without proper postage, he did so to his detriment. The Court finds that Petitioner has not demonstrated any basis for finding that he has equitably tolled the AEDPA statute.

Cannon has raised four claims in this petition. However, those claims are barred from consideration by AEDPA as this action was filed too late. Therefore, it is recommended that Respondent's Motion to Dismiss (Doc. 58) be granted, that Petitioner's Motion for Equitable Relief (Doc. 62) be denied, that Petitioner's Motion to Vacate (Doc. 56) be denied, that this action be dismissed, and that judgment be entered in favor

of Respondent, the United States of America, and against Petitioner Jerry L. Cannon.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Cannon did not file this action in a timely manner under AEDPA, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or

8

that Petitioner should be allowed to proceed further. *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis.*

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific

9

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 20th day of August, 2013.

                                          s/BERT W. MILLING, JR.
                                          UNITED STATES MAGISTRATE JUDGE