```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

```
JERRY L. CANNON,                 :

     Petitioner,                 :
                                      CIVIL ACTION 13-0300-CG-M
v.                               :
                                      CRIMINAL ACTION 11-00048-CG-M
UNITED STATES OF AMERICA,        :

     Respondent.                 :
```

SUPPLEMENT TO REPORT AND RECOMMENDATION

On August 21, 2013, a Report and Recommendation was entered in this action by the undersigned recommending that

> Respondent's Motion to Dismiss (Doc. 58) be granted, that Petitioner's Motion for Equitable Relief (Doc. 62) be denied, that Petitioner's Motion to Vacate (Doc. 56) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Jerry L. Cannon. It [was] further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

(Doc. 64, pp. 1-2). The next day, Petitioner filed an Affidavit, stating the following:

> The Court should be aware that because of my eyesight and hearing issues and

1

> deficiencies, I relied on other individuals;
> inmates working in the Fort Dix West Law
> Library to weight the envelope containing my
> filing with the Court and tell me in the
> form of a writing what amount I should put
> on the envelope for postage. That is what
> my reference in my Opposition to sight and
> hearing was referring to. I assume the
> Court would understand the reference, but I
> understand it may not have been specific
> enough.

(Doc. 65, Affidavit ¶ 3).

The Court understands this statement to be made in support of Cannon's Motion for Equitable Relief (Doc. 62), urging this Court to find that he has tolled the limitations period of AEDPA. As noted in the Report and Recommendation, "under *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), *cert. denied*, 531 U.S. 971 (2000), "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence" (Doc. 64, p. 7).

In the Report and Recommendation, the undersigned found

> that Canon has not demonstrated any
> extraordinary circumstances; though he has
> impairments, he has not shown that they are
> so severe that they, somehow, caused this
> delay. More importantly, though, the Court
> finds that Petitioner has not been diligent
> in the filing of this action as he tarried a
> year before submitting it to authorities;
> without proper postage, he did so to his

2

> detriment. The Court finds that Petitioner
> has not demonstrated any basis for finding
> that he has equitably tolled the AEDPA
> statute.

(Doc. 64, p. 7.

The undersigned finds that Petitioner's Affidavit does not change the reasoning in the Report and Recommendation. Cannon has failed to demonstrate diligence in filing this action in a timely manner. He acknowledges that he was aware that it was his responsibility to provide the appropriate postage for his Motion to be mailed (Doc. 62, p. 2). It is of no moment that he was dependent on others to tell him what the amount of postage was as he waited the full AEDPA-limitations-year before seeking that information. Petitioner has failed to demonstrate, under *Sandvik*, that he has been diligent in pursuing his claims. The Court further finds that Cannon's circumstances are not extraordinary as required in *Sandvik*. Though his visual and hearing impairments affect Petitioner's ability to accomplish his tasks, they do not excuse his failure to act diligently.

Therefore, the undersigned renews the prior recommendation that Respondent's Motion to Dismiss (Doc. 58) be granted, that Petitioner's Motion for Equitable Relief (Doc. 62) be denied, that Petitioner's Motion to Vacate (Doc. 56) be denied, that this action be dismissed, and that judgment be entered in favor

3

of Respondent, the United States of America, and against Petitioner Jerry L. Cannon.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 4th day of September, 2013.

                                                s/BERT W. MILLING, JR.
                                                UNITED STATES MAGISTRATE JUDGE