IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERRY L. CANNON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 13-300-CG-M |
| | ) | |
| | ) | Criminal No. 11-00048-CG-M |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter is before the Court on the report and recommendation (Doc. 64) and the supplement to the report and recommendation of the Magistrate Judge (Doc. 66) as well as Petitioner Jerry L. Cannon's ("Cannon") objections thereto (Docs. 67, 68, 69). The Magistrate Judge recommended that the United States' motion to dismiss (Doc. 58) be granted, that Cannon's motion for equitable relief be denied (Doc. 62), and that Cannon's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 56) be denied. (Doc. 64). After due and proper consideration of all portions of this file deemed relevant to the issue raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the report and recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court, with the following additional discussion.

## DISCUSSION

Cannon's objections urge the court to find that he has demonstrated extraordinary circumstances that warrant the tolling of the one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Specifically, Cannon argues that because of his poor eyesight and hearing, he relied on the prison library worker to inform him of the correct amount of postage, which turned out to be insufficient, causing the filing the motion to be delayed.[1] Equitable tolling applies "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (quotation marks omitted). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). The Petitioner "bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence." Mazola v. United States, 294 Fed. App'x 480, 482 (11th Cir. 2008). The Petitioner must also demonstrate that he did

---

[1] "[A] pro se prisoner's motion to vacate is deemed filed the date it is delivered to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999). "An inmate does not receive the benefit of the rule if he has failed to meet his responsibility of doing all he reasonably can to ensure documents are received for filing in a timely manner." Allen v. Culliver, et al., No. Civ.A.03-0375-WS-L, 2005 WL 1155672, at *3 (S.D. Ala. May 16, 2005). For example, the mailbox rule does not apply if a motion is filed late because of a prisoner's "failure to affix proper postage, to properly address outgoing mail, or to follow reasonable prison regulations governing outgoing legal mail." Id. (citing Dison v. Whitley, 20 F.3d 185, 186-67 (5th Cir. 1994)). Cannon first delivered his petition to prison authorities on April 17, 2013, the last day of the statutory limitations period, but it was returned due to insufficient postage. On April 24, 2013, seven days after the statute of limitation ended, Cannon delivered his motion to prison authorities with adequate postage affixed.

2

"all that could reasonably be expected to get the letter to its destination within the prescribed time." Fallen v. United States, 378 U.S. 139, 144, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964).

The court agrees with the Magistrate Judge's finding that Cannon failed to demonstrate extraordinary circumstances. Cannon acknowledges that it was his responsibility to provide the appropriate postage for his motion to be mailed. (Doc. 62, p. 2). Cannon's assertion that he relied on others to tell him the amount of postage required is not persuasive. See Lewis v. Howerton, No. 1:07-cv-2803-JEC-WEJ, 2012 WL 4514044, at *18 (N.D. Ga. Sept. 30, 2012) ("[T]he need to rely on other prisoners is not sufficient to obtain equitable tolling."); Pogue v. Crosby, No. 8:02CV2174T27EAJ, 2006 WL 213866, at *3 (M.D. Fla. Jan.27, 2006) (petitioner's *pro se* status does not warrant equitable tolling) (citing Smith v. McGinnis, 208 F.3d 13, 17–18 (2d Cir. 2000)); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (lack of representation during the applicable filing period does not merit equitable tolling)); Albarado–Santana v. United States, No. 8:06–CV–1442–T–27TBM, 2008 WL 254150, at *4 (M.D. Fla. Jan. 29, 2008) (to the extent the petitioner "relied on a fellow inmate's assistance, that individual's neglect in delaying preparation of Petitioner's motion will not toll the limitation period")*;* Wilson v. Giles, No. 3:04–cv–1157–WKW, 2007 WL 1266366, at *5 (M.D. Ala. Apr.30, 2007) (petitioner's reliance on the assistance and erroneous advice of an inmate law clerk fails to establish extraordinary circumstances necessary to

3

excuse an untimely filing) (citing Whiddon v. Dugger, 894 F.2d 1266, 1267 (11th Cir.1990)); Werley v. Crosby, No. 4:04–cv–00518–MP–EMT, 2007 WL 1191913 (N.D. Fla. Apr.19, 2007) (petitioner having to rely on inmate legal assistants was not an "extraordinary circumstance") (citing Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir.2001)). This especially true in light of the fact that Cannon waited until the last day of the one-year-limitations period to seek such information and submit his petition to the proper authorities. Although Cannon's visual and hearing impairments affect Cannon's ability to accomplish his tasks, they are not so severe as to excuse his failure to act diligently. Thus, the court finds that Cannon's motion to vacate is time-barred.

## CONCLUSION

It is **ORDERED** that the motion for equitable relief (Doc. 62) and motion to vacate, set aside or correct the sentence under 28. U.S.C. § 2255 (Doc. 56) filed by Jerry L. Cannon are hereby **DENIED.** It is also **ORDERED** that the United States' motion to dismiss (Doc. 58) is **GRANTED**. The court further finds that Cannon is not entitled to issuance of a Certificate of Appealability, and, therefore, is not entitled to appeal in forma pauperis.

**DONE and ORDERED** this 23rd day of October, 2013

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE