# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JERRY CANNON** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **CRIM. ACTION NO. 11-048-CG-M** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |
| | ) |

## ORDER

This matter is before the Court on Jerry Cannon's ("Cannon"), Motion for Compassionate Release and Reduction of Sentence pursuant to Title 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g) and the First Step Act. (Doc. 87). After consideration of the petition and for the reasons set forth hereinbelow, the motion is DENIED.

## I. BACKGROUND

On April 19, 2011, Cannon pled guilty to Counts I and II of an Indictment charging the offense of receipt and distribution of images of child pornography in violation of Title 18, U.S.C. § 2252(a)(2). (Doc. 18). On August 2, 2011, he was sentenced to 210 months' imprisonment. (Doc. 37).

On March 28, 2019, Cannon filed the instant motion seeking his release or a reduction of his sentence. (Doc. 87). Therein, Cannon asserts his sentence should be reduced based on the First Step Act and 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g). (*Id*.) Prior to his filing the instant motion, Cannon pursued his request for

compassionate release with the Bureau of Prisons ("BOP") and was denied. (*Id*. at 2). According to Cannon, he meets all of the requirements to be compassionately released. (*Id*.) Namely, he is 71 years old, has completed 50% of his sentence, and suffers from multiple medical conditions which qualify him for release. (*Id*. at 2-3).

## II. ANALYSIS

Cannon asserts that he should be compassionately released because he is 71 years old, has (1) severe and chronic back pain in his lower back which needs surgery, (2) severe and chronic pain in his upper chest and stomach area which cause him to bend forward when walking and results in a loss of stomach muscles and loss of other function in his upper and lower stomach area, (3) severe high blood pressure, (4) diabetes, (5) skin irritation, (6) loss of hearing which resulted in a hearing device being implanted, and (7) various heart, lung, and liver complications. (Doc. 87 at 2-3). Cannon also asserts that he qualifies for relief because he has served more than 50% or eight years of his current sentence. (*Id*. at 3).

In support of his position, Cannon has submitted copies of his medical records. Those records show that he has a history of diabetes, esophageal reflux, hearing loss, hypertension, low back pain, unspecified hyperlipidemia, polyneuropathy in diabetes, psoriasis, unspecified abdominal pain, and a vitamin D deficiency. (Doc. 87 at 5-9). The records also indicate that Cannon's conditions are treated with a number of prescription drugs including, aspirin, Atorvastatin, Hydrochlorothiazide, Lisinopril, Metformin, Omeprazole, and Vitamin D. (*Id*.) The consultation records provided indicate that on the objective physical exam Cannon

is cooperative, alert and oriented, atraumatic, and not in distress. (*Id.* at 5, 7). Cannon also asserts that his age and medical conditions qualify him for relief under Program Statement 5050.49(4)(b) ("PS") which sets forth the following criteria for early release: (1) age 65 and older; (2) suffer from chronic or serious medical conditions related to the aging process; (3) experiencing deteriorating mental or physical health that substantially diminishes their ability to function in a correctional facility; (4) conventional treatment promises no substantial improvement to the mental or physical condition; and (5) have served at least 50% of their sentence. (Doc. 87 at 2).[1]

> Under 18 U.S.C. § 3582(c)(1)(A),
>
> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently

---

[1] The BOP has adopted a Program Statement 5050.50, implementing 18 U.S.C. § 3582(c)(1)(A). PS 5050.50, entitled Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. § 3582(c)(1)(A) and 4205(g), effective January 17, 2019, is an internal BOP policy statement adopted in connection with the discretionary decisionmaking required under 18 U.S.C. § 3582(c)(1)(A) and provides guidance for wardens in making these discretionary decisions. *See* https://www.bop.gov/policy/progstat/5050_050_EN.pdf

3

> imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1) (emphasis added). In general, the defendant has the burden to show circumstances meeting the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

While Cannon meets the age requirement for compassionate release, he has not established that he otherwise meets the requirements of subsection (ii). More specifically, Cannon does not meet the requirements for relief under § 3582(c)(1)(A)(ii) because a determination has not been made by the Director of the BOP that he is not a danger to the safety of any other person or the community as provided under § 3142(g) and Cannon has not served at least 30 years in prison. Accordingly, Cannon is not entitled to relief under § 3582(c)(1)(A)(ii). As such, in order to gain the requested relief, he must show that he qualifies for early release under § 3582(c)(1)(A)(i).

In order to qualify under § 3582(c)(1)(A)(i), Cannon must show that extraordinary and compelling reasons warrant a reduction of his sentence. The United States Sentencing Guidelines provide that "extraordinary and compelling reasons" exist due to a defendant's medical condition or age when the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)3 and:

(A) Medical Condition of the Defendant –

   (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) ....

   (ii) The defendant is –

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. – The defendant (i) is at least 65 years old;

   (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.C. § 1B1.13, application note 1; *see also* 28 U.S.C. § 994 (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction).

In order to meet the criteria for compassionate release based on his medical condition, Cannon must show either that he suffers from a terminal illness or that his medical condition(s) "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.C. § 1B1.13, application note 1. Cannon has not met his burden. First, there is no indication that Cannon is terminally ill.

5

Second, despite the many medical afflictions Cannon identifies, he does not state, much less provide evidence, that his conditions/impairments prevent him from providing self-care within his correctional facility. Rather, the medical records provided by Cannon show that his many conditions are being controlled with medication and there is no mention that his conditions are escalating or preventing him from being from being able to provide self-care. As such, Cannon has not shown that he is entitled to the relief he requests based on his medical conditions.

To the extent that Cannon is seeking compassionate release based on his age, he has additionally failed to meet his burden of showing that he meets the criteria of the guidelines. While he is over the age of sixty-five and arguably suffers from medical conditions due to the aging process, Cannon has not shown that those condition are so serious or that he is deteriorating so as to justify compassionate release. Rather, the record reflects that several of Cannon's now complained of illnesses were known and present when he committed his offense and/or was sentenced by this Court. Specifically, according to the Pre-Sentence Investigation Report ("PSR"), at the time of his Sentencing, Cannon had a previous cochlear implant, and suffered from diabetes, hypertension, kidney stones, a ruptured esophagus, and hypercholesterolemia, all of which were being treated by prescription medication including Lisinopril, Metformin, Triamterene-Hydrochlorothiazide, Loratadine, Provastatin and Cipro. (Doc. 27 at 14). There is no indication that these conditions have escalated to the point that they have caused a serious deterioration in his physical or mental health. Finally, even if his

conditions were deemed serious, Cannon would still not qualify for release based on his age because he has not served the lesser of either ten years or 75% of his sentence. As a result, he is not due the relief he seeks.

Finally, this Court notes that Cannon would also not be due relief if his situation were evaluated pursuant to the policy statement on which Cannon relies. Similar to the analysis already stated herein above, PS 5050 again requires an inmate's medical condition to be "serious" and to diminish his capacity to function in a correctional facility, facts which are not present in Cannon's case. Further, PS 5050 also requires that conventional treatment promises no substantial improvement in the complained of conditions, while Cannon's condition appear to be adequately treated with a combination of medications. Accordingly, to the extent that PS 5050 should be considered, it too would fail to establish that Cannon is qualified for the relief he seeks.

## IV. CONCLUSION

For the reasons stated hereinabove above, Cannon's motion (Doc. 87) is **DENIED.**

**DONE** and **ORDERED** this 28th of October 2019.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE